1

Pages 1-17

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE MARILYN HALL PATEL

TRANS VIDEO ELECTRONICS, LTD., an  )
Indiana corporation,               )
                                   )
              Plaintiff,           )
                                   )
         vs.                       )NO. C 09-3304 MHP
                                   )
SONY ELECTRONICS, INC., a          )
Delaware Corporation, et al.,      )
                                   )SAN FRANCISCO, CALIFORNIA
              Defendant.           )MONDAY, MARCH 22, 2010
                                   )2:10 p.m.
_____)

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**For Plaintiff:**

                    **LOCKE, LORD, BISSELL & LIDDELL, LLP**
                    3 World Financial Center
                    New York, New York 10281-2101
                    BY:  **JOHN F. SWEENEY, ESQ.**

                    **LOCKE, LORD, BISSELL & LIDDELL, LLP**
                    44 Montgomery Street, Suite 2550
                    San Francisco, California 94104
                    BY:  **MATTHEW K. BLACKBURN, ESQ.**

**For Defendants:**
                    **KENYON & KENYON**
                    One Broadway
                    New York, New York 10004-1007
                    **BY:  WALTER E. HANLEY, JR., ESQ.**

                    **KENYON & KENYON**
                    333 West San Carlos Street - Suite 600
                    San Jose, California 95110
                    **BY:  MEGAN W. OLESEK, ESQ.**

*Reported by:    MARGARET "MARGO" GURULE, CSR #12976*
        *PRO TEM COURT REPORTER , USDC*

PDF created with pdfFactory trial version www.pdffactory.com

2

**March 22, 2010**                                    **2:05 p.m.**

o0o

**P R O C E E D I N G S**

THE CLERK:  You may be seated.  Calling Civil 09-3304, Trans Video Electronics, Limited vs. Sony Electronics, Inc.

THE COURT:  May I have your appearances, please.

MR. SWEENEY:  Your Honor, John Sweeney of Locke, Lord, Bissell & Liddell for the Plaintiff Trans Video.

MR. BLACKBURN:  Matthew Blackburn, also with Locke, Lord.

THE COURT:  Good afternoon.

MR. HANLEY:  Walter Hanley from Kenyon & Kenyon for the Sony defendants, Your Honor.

MS. OLESEK:  And Megan Olesek, also of Kenyon & Kenyon, for Sony.

THE COURT:  Good afternoon.  Who's going to be heard on this?  I don't think that a motion for stay needs four lawyers, but that's all right.  I guess you always need two, right?

So who is going to heard on this?

MR. HANLEY:  I will, Your Honor.

MR. SWEENEY:  And for Trans Video, I'll be speaking, Your Honor.

THE COURT:  Okay.  Well, what do we know about what

PDF created with pdfFactory trial version www.pdffactory.com

has happened with the reexamination application request.  Have you heard any word?

MR. HANLEY:  We have not heard word on whether the requests have been granted or denied.  Both requests, at this point, have been assigned to the same examiner for a determination of whether to grant or deny the requests.

THE COURT:  There were two separate requests?

MR. HANLEY:  Yes, Your Honor.  We filed our first request on December 14th, citing one prior art patent.  And then in the course of doing prior art searching in conjunction with preparing our invalidity contentions, we have learned of three additional prior art patents.  And then on February the 12th, we filed a second request, the same day we filed a motion to stay.

MR. SWEENEY:  Your Honor, if I might point out.

THE COURT:  Yes.

MR. SWEENEY:  On February 24th, the patent office rejected the first petition for reexamination on the ground that representations as to a substantial new question of patentability had not been made and an explanation of why it was not cumulative to what was in the original prosecution had not been made.  So that was received.  I didn't become aware of it at that date.  I became aware of it when Sony refiled that petition on March 3.

So the Patent Office has now until June to decide,

PDF created with pdfFactory trial version www.pdffactory.com

and that was not in our papers because we simply didn't know about it until March 3 when the petition was refiled.  There was a second motion that was made to extend the exchange dates leading up to the Markman, and we opposed that.  And by the time of our opposition brief later in March, we were aware of that and we did point that out in our papers.

**MR. HANLEY:**  Your Honor, if I can just speak to that, because I think the characterization is overblown in terms of what the Patent Office did with the first request.  In their procedure, they have an administrative staff that does what's called a preprocessing step, that is, their paralegals look at the request and see whether or not the formal requirement have. been met.

We submitted two requests.  The first -- in the case of the first request, that staff indicated that the formal requirements were not met.  We communicated with them by telephone.  It turned out that to cure their issue, it was only a matter of moving some material that were in separate paragraphs and separate pages onto one page.  So we resubmitted our request within days after they issued this notice that the request was defective.  And in point of fact, the other request went through the preprocessing step apparently handled by a different paralegal, and that was approved and assigned to the examiner.

So that second request, as it turns out, now has the

PDF created with pdfFactory trial version www.pdffactory.com

earlier statutory deadline of May the 12th, the first request. The initial deadline of March the 12th was vacated essentially because of the need to refile.

MR. SWEENEY:  Yeah.

THE COURT:  Well, the first, then, request and what -- the prior art that was cited in the first request, was that then restated in the second request along with I guess some other prior art?  Is what you're saying?

MR. HANLEY:  No.  The first one deals solely with the single prior art patent, what we call the York prior art patent.  Then the second request deals with three additional prior art patents that we learned of in our searching in the January time period.

So, as it stands now, both are before the same examiner for determination.  The statutory deadline as to the second request expires on May the 12th.

MR. SWEENEY:  Your Honor, may I just comment on that?

THE COURT:  Yes.

MR. SWEENEY:  I have the order from the Patent Office rejecting it, and I think it's more than just formal.  The two boxes are checked, and it says, "No, there is no statement pointing out the substantial new question of patentability," and another box that's checked, "There is no explanation of the above items."

And then on March 3, a new -- the first reexamination

request was submitted again, and all the new material is bolded, and there is quite a bit of new material that's bolded. The second thing I -- so we're not going to hear from the Patent Office, presumably, until June on that first request.

We looked at the second request. And it suffers from the same defects, and we would anticipate that there well may be the same vacating of the same request. So we don't think there is going to be any real reexamination here. This is a motion pending a Patent office Reexamination.

Well, there is no Patent Office reexamination pending. There is nothing this stay in favor of right now. There has been no reexamination, and there is case law in this district that says that that creates prejudice because there is nothing going on, you know, in the patent office.

The other thing we think is important --

**THE COURT:** Well, there must be something going on if you're going to get some action on this -- on the second application by June.

**MR. SWEENEY:** As to --

**MR. HANLEY:** If I may, Your Honor.

**THE COURT:** Obviously they'll be reviewing it and determining whether they're going to reexamine or not.

**MR. SWEENEY:** Correct. There is no reexamination proceeding in progress now. The Patent Office has until June to make that decision. But there is no pending reexamination.

PDF created with pdfFactory trial version www.pdffactory.com

There is merely a request.  There are two requests.

THE COURT:  But I assume that what happens is that, if, in fact, defendants believe that they have legitimate claims with respect to the prior art, that one of the first things they would do here is to file a motion, you know, asserting validity based on the failure to disclose prior art or some such theory, correct?

MR. SWEENEY:  I think they would make a motion of summary judgment for invalidity because of obviousness or anticipation or something of that sort.  That's what the motion would be, and those motions are typically made after their claim construction at the Markman hearing.

THE COURT:  Not necessarily.

MR. SWEENEY:  Not necessarily.  I said "typically," Your Honor.

THE COURT:  I sometimes invite them.  If there seems to be a legitimate basis for invalidity, why go through all the effort unless claim construction is, in fact, necessary to adjudicate the invalidity claims.

MR. HANLEY:  We do have dispute about claim construction.  And point of fact, the one argument they make by way of distinguishing the prior art, which we -- we vigorously disagree with -- and it's an oddity here because basically we have role reversal.  So they're claiming that their claim is limited in a particular way based on arguments made to the

Patent Office in the original prosecution.  But the arguments have nothing to do with the limitations of the claim they're asserting.  And so now this claim is going to go back into the Patent Office, and Mr. Sweeney can't legitimately say that he thinks these reexamination requests are not going to be granted.  They're granted in over 90 percent of the cases.

The patent will go back into the Patent Office, and they can make their pitch again that -- or they can attempt to convince the Patent Office that this claim which has nothing -- no language, that has the limitation they are relying on somehow has that limitation.

Or the Patent Office will say, "Look, you contend this is in the claim.  You should add it to the claim."  And that's something that cannot happen, you know, in a proceeding before Your Honor.  They can amend claims in the Patent Office, and if they do, then intervening rights will apply and that will change the complexion of the relationships between the parties dramatically.

**THE COURT:**  Okay.

**MR. SWEENEY:**  Your Honor, the last time we were here in November, Mr. Hanley said, and I'm quoting, that, "The missing piece -- and this is true in most patent cases, as I'm sure Your Honor has perceived -- the key issue is the scope of these claims, how they should be read."

"Well, we know prior art that we think anticipates

PDF created with pdfFactory trial version www.pdffactory.com

these claims, depending upon how broadly they are read."

Now, the arguments that were made in the prosecution history were narrowing arguments.  We're not arguing these claims are broad.

They had to do with video uploading as well as downloading, and it's clear none of these references teach that.  And the Patent Office doesn't have Markman hearings. They have standards for interpreting the claims reasonably, as broadly as possible.

The Markman hearing is scheduled for June 30.  We have exchanged proposed claims constructions with intrinsic supporting evidence and extrinsic supporting evidence, and that's going to determine, by the end of June -- you'll get to see those arguments.  The Patent Office, even if it declares a reexamination in June, that's just the first step.  There is time for a patent owner's statement, an office action.  They're not even going to have a first office action until after this Markman hearing is long over.

And if we are correct in our claim construction -- and I believe the limitation, the video uploading is explicit -- and we actually quoted in our papers in opposition to this motion to stay, and I think even Mr. Hanley acknowledges that they're there.  They're saying it's made in respect to other claims.  But the video uploading that the user adds to the video library is explicit.  And once that claim

PDF created with pdfFactory trial version www.pdffactory.com

construction is there, these records are irrelevant.  They don't have that feature; the infringement does.  And I think we are very close to the Markman hearing.  We have exchanged the intrinsic evidence.

**THE COURT:**  Almost as close an as answer from the PTO, huh?

**MR. HANLEY:**  Well, Your Honor, may I interject?

**MR. SWEENEY:**  Your Honor, may I answer that question, please.

**THE COURT:**  Hold on.

**MR. HANLEY:**  There is not just one claim construction issue.

**MR. SWEENEY:**  You are almost as close as the Patent Office deciding whether is there is going to be a reexamination at all.

**THE COURT:**  That's right.  And if there is a reexamination, what may happen to some of these claims.  It is possible they could be amended or portions of them abandoned or whatever --

**MR. SWEENEY:**  It is possible.

**THE COURT:**  -- right?  And then we will have construed it for not, right?

**MR. SWEENEY:**  Well, you'll be coming -- no, you won't be construing it for not.  Your construction will be the law of this case.  And if it goes into reexamination, which as Sony

PDF created with pdfFactory trial version www.pdffactory.com

wants it to do, it's going to be there for two and a half years, and you're still going to have somebody -- I don't know where we'll all be in two and a half years.  But there will still have to be a Markman hearing.

THE COURT:  It's very appealing.  That, in and of itself, is very appealing.  You have no idea how appealing it is.

MR. HANLEY:  Your Honor, it's not a matter of the Patent Office -- maybe they will touch on this claim, maybe they won't.  It's one claim and it's front and center in these reexamination requests.

And they can present their arguments to the Patent Office about how they supposedly limited the claim in the way they are now arguing.  And the prior prosecution of the Patent Office can entertain that and the Patent Office can, as I said, make that amendment.

THE COURT:  Well, I'll tell you what I'm going to do. I'm going to stay any action necessary from this Court.  You can go ahead with your infringement contentions.  Those have already been exchanged.

MR. SWEENEY:  Yes, and the invalidity contentions, as well.

THE COURT:  And the invalidity contentions, as well. And what you need to do is prepare for a Markman hearing except for the filing of the briefs.  And maybe by that time, we will

PDF created with pdfFactory trial version www.pdffactory.com

know something from the Patent Office.  And if they say, "No, no reexam," then we will be on track or very close to on track to getting this case, you know --

MR. SWEENEY:  The thing that I'm concerned about --

THE COURT:  -- at least to the Markman hearing.

MR. SWEENEY:  If this do declare a reexamination perhaps in May or June, we're so close to this Markman hearing, and then this case will go away for two and a half years and, that's justice denied to this client.  This client believes --

THE COURT:  We don't know, and I'm going to take it step by step.  Okay?  So that's what we're going to do.

MR. HANLEY:  Your Honor, may I just ask a question?

THE COURT:  This is it.  You have briefed it all.  I mean, I don't see that there really is any undue prejudice at all, when you've thought about it.  Yes, there is a little bit of prejudice, but not undue prejudice, and I don't see that anybody is getting any kind of a tactical advantage from all of this.  And it may well simplify some of the issues at trial. We just don't know.

And certainly I'm allowing you to go forward with what you need to go forward with for claims construction, except for getting up to that moment when you're filing the briefs.

MR. SWEENEY:  Yeah.

THE COURT:  We will wait until we hear -- I will

instruct you to notify the Court within ten days of any decision -- and certainly you can do it before that -- filed by the PTO with respect to the patent reexamination.  And we will have a case management conference and set the rest of the dates that we need to set at that time.

MR. SWEENEY:  Okay.  Just a clarification, Your Honor.

THE COURT:  Yes.

MR. SWEENEY:  As to these dates, the only thing due, I believe, on the claim construction prior to the briefs, which are due in May -- I believe that they're around April 10th, the parties are to submit a joint claim construction.  The parties have already exchanged that.  So there is only one thing left.

THE COURT:  Okay.  Fine.  And I don't know if there is any other discovery that you need to do or not.

MR. SWEENEY:  We have served interrogatories and document requests, and Sony has been granted a 30-day extension.  I think those responses are going to be coming up. We'd appreciate having those --

MR. HANLEY:  Your Honor, may I just speak to that?

MR. SWEENEY:  Can I just finish?

THE COURT:  Just a minute, please.  One at a time.

MR. SWEENEY:  We have also served some third-party subpoenas on some of Sony's contractors, and we'd like to continue, you know, with that.  That will take some time.

PDF created with pdfFactory trial version www.pdffactory.com

14

THE COURT: Fine, as long as you're not bothering me, okay, and we don't have to do the claim construction, until we find at out what the PTO has done.

MR. SWEENEY: Right. Yeah. I think what is likely --

MR. HANLEY: Your Honor, may I just --

THE COURT: Okay. What is it you have to unburden yourself of?

MR. HANLEY: The discovery they have served, it's not just claim construction related discovery. It's basically their discovery for the case. They're their first sets of interrogatories and document requests which cover everything, every issue in the case including the damages issues.

Your Honor, we think Sony should not have to go forward with that. This is one of those asymmetric discovery cases where all of the burdens are on the defendants. We have all the documents. We sell the product. We engage in real commercial activity. And we have a patent owner that doesn't engage in any commercial activity, that probably has a file maybe three inches thick.

For us to have to go forward with this document production and this discovery is going to be extremely burdensome and costly, and you know, we think that that should be an element that's stayed, as well.

THE COURT: Well, the discovery is limited to just

PDF created with pdfFactory trial version www.pdffactory.com

15

what needs to be done for claim construction.

MR. SWEENEY: Okay. That's fine with us, Your Honor. The one -- if I can -- and I'll be very brief here.

I think we probably will hear from the Patent Office as to the first petition for reexamination probably at least by June. With respect to the second request that was filed later, I think in February, I think it is likely that that will, the same type of notice will be issued because the same deficiencies are present.

THE COURT: Well, let's not -- I'm not here to, you know, speculate. You're going to speculate; he's going to speculate something else. It will happen when it happens. You notify me within ten days with respect to any decision made by the PTO with regard to whether there will be a reexamination either upon the first or the second --

MR. SWEENEY: All right.

THE COURT: -- of these requests.

MR. SWEENEY: And when we do that, Your Honor, am I correct in believing that if it is declared in June, for instance, are we going to then have another --

THE COURT: We will have a case management conference at that state.

MR. SWEENEY: -- hearing as to what to do about?

THE COURT: Yeah, right, right. We will have a case management conference.

PDF created with pdfFactory trial version www.pdffactory.com

MR. SWEENEY:  I understand.  So our arguments would be preserved?

THE COURT:  Your arguments are always preserved. They are in the record.

MR. SWEENEY:  No.  I just want to make sure the Court wasn't deciding the issue now before even if the reexamination occurred in the future.

THE COURT:  I'm staying it right now for the limited -- and allowing you to go forward with the -- for the limited purposes I have just indicated.  That's it.  Okay?

MR. SWEENEY:  I understand.

THE COURT:  And then we will revisit it at that time without further briefing probably.

MR. SWEENEY:  I understand.

THE COURT:  Okay.

MR. SWEENEY:  Thank you, Your Honor.

MR. HANLEY:  Thank you, Your Honor.

*(At 2:30 p.m. the proceedings were adjourned.)*

- - - -

PDF created with pdfFactory trial version www.pdffactory.com

CERTIFICATE OF REPORTER

I, the undersigned, hereby certify that the foregoing proceedings were reported by me, a certified shorthand reporter, and were thereafter transcribed under my direction into typewriting; that the foregoing is a full, complete and true record of said proceedings.

I further certify that I am not of counsel or attorney for either or any of the parties in the foregoing proceedings and caption named, or in any way interested in the outcome of the cause named in said caption.

The fee charged and the page format for the transcript conform to the regulations of the judicial conference.

Furthermore, I certify the invoice does not contain charges for the court reporter's certification page.

IN WITNESS WHEREOF, I have hereunto set my hand this 31st day of March 2010.

_____
MARGARET "MARGO" GURULE, CSR

PDF created with pdfFactory trial version www.pdffactory.com