UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANS VIDEO ELECTRONICS, LTD., | No. C 09-3304 MHP |
| Plaintiff, | |
| v. | **MEMORANDUM & ORDER** |
| SONY ELECTRONICS INC., SONY CORPORATION OF AMERICA, SONY COMPUTER ENTERTAINMENT AMERICA, INC., SONY COMPUTER ENTERTAINMENT INC., and SONY CORPORATION, | **Re: Pre-Summary Judgment Discovery and Claim Construction** |
| Defendants. / | |

Plaintiff Trans Video Electronics, Ltd. ("Trans Video") brought this action against defendants ("Sony," collectively), alleging infringement of claim 3 of U.S. Patent No. 5,991,801 (the "'801 patent"). A claim construction hearing is currently scheduled for May 5, 2011. At a case management conference on February 14, 2011, the court permitted Sony to file a motion for summary judgment, which, according to Sony, could be ruled on without needing to construe claim 3 of the '801 patent. The court directed Trans Video in its opposition to state whether claim construction is necessary in order to adjudicate the motion and what discovery Trans Video needs in order to properly respond. Having considered the parties' arguments and submissions, the court concludes that Sony's summary judgment motion is premature.

The '801 patent generally is directed to a system for uploading and downloading video clips to and from a remote location. The "information distribution system" in claim 3 is comprised of several

components, including "a plurality of video clip storage units," "a master communications unit," "a plurality of distribution amplifier units," "a plurality of communications units," "a master controller unit," and "a menu storing unit." Trans Video contends that Sony infringes claim 3 through its PlayStation Network and its BRAVIA Internet Video Link, PLAYSTATION 3, and Playstation Portable products. Sony argues that as a matter of law it neither directly nor indirectly infringes the '801 patent because certain aspects of the accused system—namely the storage and transmission of video and game content—are operated by independent third party content providers. Because it does not make, use or sell the system *in its entirety*, it argues that it cannot directly infringe the system claim. *See* Docket No. 69 (Mot.) at 13-17. Similarly, it argues that it cannot vicariously infringe because it lacks a principal-agent relationship with third-party content developers. *Id*. at 17-21. Lastly, because Sony does not know material details regarding the infrastructure of third-party storage systems, it argues that it cannot be liable for inducement or contributory infringement because its knowledge is insufficient "to determine whether or not the acts of the alleged direct infringer are infringing." *Id*. at 22.

Trans Video, however, has not had discovery regarding any of the key issues raised in Sony's motion, apart from the documents appended to it. *See* Docket No. 99 (Sweeney 56(f) Decl.) ¶¶ 4-7. Although Sony claims to have no control over third-party content developers, and it submits declarations and contracts purportedly to that effect, Trans Video is entitled to conduct discovery regarding Sony's relationship with its content developers. Trans Video has presented a posting for a "Senior Hosting Engineer" position at Sony, who will play "a key role in designing and building services and technology to host online game environments," Docket No. 98 (Silbersher Decl.) Exh. B, raising a legitimate question as to Sony's independence regarding the storage and transmission of video game content. Trans Video similarly is entitled to discovery regarding Sony's knowledge of content developer's storage and transmission infrastructure beyond the two employee declarations submitted with the motion for summary judgment. *See* Docket No. 101 (Harkins Decl.) ¶¶ 15, 16; Docket No. 104 (Pedlow Decl.) ¶¶ 15-17.

It would be ill-advised, however, to embark on full discovery of Sony's non-infringement defenses without the aid of claim construction. For instance, as Sony itself argues, inducement and contributory infringement hinge on whether it had knowledge regarding the infringing capacity of third-

1 party storage and transmission infrastructure, an inquiry that necessitates determining the range of components covered by the patent claim. *See* Mot. at 22 (collecting cases). Claim construction will help focus and streamline discovery going forward and clarify the issues truly in dispute in this case. Therefore, the *Markman* hearing set for May 5, 2011 will proceed as scheduled.

The parties shall meet and confer regarding the terms that require construction and proceed in accordance with this District's Patent Local Rules. If after conferring the parties agree that no terms are in dispute, they shall so certify to the court and submit their stipulated construction of the critical terms of Claim 3 on or before May 5, 2011. They shall then proceed to complete the discovery necessary to properly address the issues of infringement/non-infringement and/or invalidity in this case.

Sony's motion for summary judgment is therefore DENIED without prejudice to renewal if appropriate, and at the appropriate time.

IT IS SO ORDERED.

Dated: March 29, 2011

MARILYN HALL PATEL
United States District Court Judge
Northern District of California