United States District Court

For the Northern District of California

1

2

3

4

5                           UNITED STATES DISTRICT COURT

6                           NORTHERN DISTRICT OF CALIFORNIA

7

8    TRANS VIDEO ELECTRONICS, LTD.,              No. C-09-3304 EMC

9                Plaintiff,

10        v.                                     **AMENDED ORDER DENYING
                                                 PLAINTIFF'S MOTION TO AMEND**
11   SONY ELECTRONICS, INC., *et al.*,           **(Page 9, Line 3)**

12                Defendants.                     **(Docket No. 136)**
     _____/
13

14        Plaintiff Trans Video Electronics, Ltd. initiated this patent infringement action against

15   various Sony entities (collectively "Sony") in July 2009.  On May 18, 2011, Judge Patel issued a

16   claim construction order in which she construed various terms contained in the only claim at issue,

17   *i.e.*, claim 3 of Patent No. 5,991,801 (the "'801 patent").  *See* Docket No. 119 (order).  Thereafter,

18   the case was reassigned to the undersigned, and Sony moved for summary judgment.  Sony argued

19   that, based on Judge Patel's claim construction, claim 3 was invalid based on a lack of written

20   description.  This Court granted Sony's motion but did not enter judgment because, prior to the

21   order granting summary judgment, Trans Video had filed a motion to amend.  Currently pending

22   before the Court is that motion in amend.  In its motion, Trans Video asks for leave to add a new

23   claim for patent infringement – more specifically, for infringement of claim 4 of the '801 patent.

24   Having considered the parties' briefs and accompanying submissions, as well as all other evidence

25   of record, the Court hereby **DENIES** the motion to amend.

26   ///

27   ///

28   ///

**United States District Court**
For the Northern District of California

## I.  FACTUAL & PROCEDURAL BACKGROUND

As noted above, Trans Video initiated this lawsuit in July 2009, asserting infringement of the '801 patent.  *See* Docket No. 1 (complaint).  On February 12, 2010, Sony moved to stay the case pending reexamination of the patent.  *See* Docket No. 54 (motion).  Approximately a month later, Judge Patel granted in part and denied in part Sony's motion.  More specifically, Judge Patel stayed the case but still allowed the parties to conduct discovery related to claim construction of the '801 patent.  *See* Docket No. 66 (Order at 1).  Almost a year later, on February 14, 2011, Judge Patel lifted the stay.  *See* Docket No. 85 (civil pretrial minutes).  The parties proceeded with claim construction on the only claim in the case, *i.e.*, claim 3 of the '801 patent, and on May 18, 2011, Judge Patel issued her claim construction order.  *See* Docket No. 119 (order).

Shortly thereafter, on June 6, 2011, the case was reassigned to this Court.  *See* Docket No. 121 (order).  In a joint case management conference ("CMC") statement filed on June 21, 2011, the parties, including Trans Video, confirmed that the only claim at issue in the case was claim 3 of the '801 patent.  *See* Docket No. 122 (St. at 3).  On July 29, 2011, Sony filed its motion for summary judgment on invalidity based on lack of a written description.  *See* Docket No. 124 (motion).  Trans Video's opposition to the summary judgment motion, filed on August 12, 2011, reiterated that the only claim at issue in the case was claim 3.  *See* Docket No. 128 (Opp'n at 1) (stating that "Claim 3 [is] the only asserted claim in this action").  Sony thereafter filed its reply brief on August 19, 2011.

On September 12, 2011 – approximately two years after Trans Video first filed suit, almost a month after briefing on the summary judgment motion had been completed, and only a week and a half before the hearing on the summary judgment motion was to take place – Trans Video informed Sony for the first time that it wanted to add a new claim for patent infringement to the case.  *See* Hanley Decl. ¶ 4.  More specifically, Trans Video stated that it wanted to add a claim for infringement of claim 4 of the '801 patent.  Trans Video subsequently informed the Court of the same as part of a joint CMC statement filed on September 16, 2011.  *See* Docket No. 132 (St. at 3).

On September 23, 2011, this Court held the hearing on Sony's summary judgment motion.  During the hearing, the Court indicated that it had concerns about the validity of claim 3 of the '801 patent.  *See* Docket No. 132 (civil minutes).  A week later, on September 30, 2011, Trans Video

1   formally filed its motion to amend.  *See* Docket No. 132 (motion).  Two weeks after that, the Court

2   granted Sony's motion for summary judgment.  *See* Docket No. 139 (order).  Thus, unless the Court

3   were to grant Trans Video's motion to amend, this case would be terminated and judgment entered

4   in Sony's favor.

## II.   DISCUSSION

A.   Legal Standard

Typically, amendments to pleadings are governed by Federal Rule of Civil Procedure 15, which provides in relevant part that a "court should freely give leave [to] amend when justice so requires."  Fed. R. Civ. P. 15(a).  The instant case, however, is a patent infringement action, and therefore Trans Video argues that the governing legal standard is provided not only by Rule 15 but also by Patent Local Rule 3-6.  The local rule provides in relevant part that amendment of infringement contentions "may be made only by order of the Court upon a timely showing of good cause."  Pat. L.R. 3-6.  The rule goes on to state that one example of a circumstance that "may, absent undue prejudice to the non-moving party, support a finding of good cause" is "[a] claim construction by the Court different from that proposed by the party seeking amendment."  Pat. L.R. 3-6(a).

Sony does not dispute that both Rule 15 and Patent Local Rule 3-6 are applicable. Accordingly, the Court shall consider both Rule 15 as well as Patent Local Rule 3-6 in determining whether to grant or deny Trans Video's motion.  Ultimately, there is some overlap in analysis.  For example, under Rule 15, undue delay by the party seeking leave to amend is a factor that a court may consider.  *See Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999).  Similarly, under Patent Local Rule 3-6, good cause for an amendment can be established only where the party seeking leave to amend shows diligence.  *See, e.g.*, *Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2011 U.S. Dist. LEXIS 87251, at *7 (N.D. Cal. Aug. 8, 2011) (stating that, under Patent Local Rule 3-6, "good cause requires a showing of diligence") (internal quotation marks omitted); *Acer, Inc. v. Tech. Props.*, Nos. 5:08-cv-00877 JF/HRL, 5:08-cv-00882 JF/HRL, 5:08-cv-05398 JF/HRL, 2010 U.S. Dist. LEXIS 142472, at *17 (N.D. Cal. Sept. 10, 2010) (stating that, "[b]ecause TPL has not demonstrated diligence, the inquiry should end'" – although going on to briefly discuss prejudice).

3

**United States District Court**
For the Northern District of California

1       There are, however, some differences between Rule 15 and Patent Local Rule 3-6.  Most

2   notably, under Rule 15, undue delay by itself "is insufficient to justify denying a motion to amend."

3   *Bowles*, 198 F.3d at 758.  There must also be either (1) prejudice to the opposing party, (2) bad faith

4   by the moving party, or (3) futility of the amendment.  *See id.* (noting that "[w]e have previously

5   reversed the denial of a motion for leave to amend where the district court did not provide a

6   contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party,

7   or futility of the amendment").  In contrast, under Patent Local Rule 3-6, if there is no showing of

8   diligence, then a court need not even entertain whether the amendment would prejudice the

9   nonmoving party.  *See Oracle*, 2011 U.S. Dist. LEXIS 87251, at *7; *Acer*, 2010 U.S. Dist. LEXIS

10   142472, at *17.  This approach was approved by the Federal Circuit in *O2 Micro International Ltd.*

11   *v. Monolithic Power Systems, Inc.*, 467 F.3d 1355 (Fed. Cir. 2006).

12   B.    <u>Undue Delay/Diligence</u>

13       Based on the record, the Court concludes that Trans Video unduly delayed in seeking leave

14   to amend and failed to act with the requisite diligence.

15       As a preliminary matter, the Court notes that Trans Video could have included claim 4 at the

16   outset of the litigation but made the conscious tactical decision not to.  In its papers and at the

17   hearing, Trans Video failed to establish that the decision not to include claim 4 was anything but a

18   strategic choice.  In fact, in its papers and again at the hearing, Trans Video indicated that the only

19   reason why it did not include claim 4 was that it would have had to argue a claim construction

20   position on claim 4 that was inconsistent with its claim construction position on claim 3.  One of the

21   differences between claim 3 and claim 4 is that claim 3 includes the element of a "master

22   communications unit," while claim 4 does not.  In this lawsuit, Trans Video decided to stake out the

23   position that the inventions claimed in the '801 patent require the uploading of video by the users,

24   and uploading requires a "master communications unit."  Because claim 4 does not have the element

25   of a master communications unit, Trans Video made the choice not to assert claim 4, *see* Mot. at 8-

26   10; Reply at 11, even though it could have offered an alternative legal theory – one that did not

27   require the uploading of videos – in order to make claim 4 a viable claim as well.  According to

28   Trans Video, asserting claim 4 while pursuing its construction of claim 3 would have damaged its

United States District Court

For the Northern District of California

1   credibility.  But alternative theories of liability are not uncommon in litigation.  At the very least,

2   Trans Video knowingly assumed a risk in not advancing alternative theories at the outset of the

3   lawsuit.  That Judge Patel stayed the case for approximately a year does not detract from this fact.

4         The Court, however, need not rest its undue delay finding on Trans Video's strategic choice.

5   The Court must also evaluate whether Trans Video diligently moved to amend after receiving Judge

6   Patel's claim construction order.  Trans Video argues that Judge Patel's claim construction was the

7   impetus for its motion to amend.

8         The record establishes that, upon issuance of Judge Patel's order on May 18, 2011, Trans

9   Video should have known that its construction of claim 3 was not accepted and that it no longer had

10  a tactical reason to withhold claim 4.  Yet Trans Video still waited more than four months – *i.e.*,

11  until September 30, 2011 – to file its motion to amend.  Trans Video's decision to wait is even more

12  problematic given the fact that, during the claim construction briefing, Sony expressly noted that

13  claim 3 was invalid based on a written description problem.  *See* Docket No. 112 (Br. at 13 n.7, 21).

14  In other words, Trans Video had an incentive to get claim 4 in the litigation as soon as possible

15  because Sony would likely be moving for summary judgment on claim 3 based on a lack of written

16  description.  *See Sandeford v. Plummer*, No. C 06-06794 SBA (PR), 2010 U.S. Dist. LEXIS 9489, at

17  *4 (N.D. Cal. Jan. 14, 2010) (noting that "[p]laintiff could have moved to amend at any time prior to

18  the filing of the motion for summary judgment but he did not do so").  And even after Sony did

19  move for summary judgment on July 29, 2011, Trans Video still did nothing with respect to

20  amendment.  In fact, in its opposition to the summary judgment motion, it reaffirmed that claim 3

21  was the only claim at issue in the litigation.

22        Finally, it should be noted that, after issuance of the claim construction order, Trans Video

23  actually revised its infringement contentions (on June 13, 2011).  *See* Hanley Decl. ¶ 2 & Ex. 1

24  (letter from counsel for Trans Video stating that infringement contentions were being revised to

25  provide additional technical detail in light of Judge Patel's claim construction order and discovery

26  information not previously publicly available).  Yet Trans Video failed to assert claim 4 in those

27  revisions or otherwise take steps to amend the complaint.

28

In its papers, Trans Video does little to explain how it acted with diligence. *See, e.g.*, Mot. at 13 (claiming diligence because "(I) discovery has nine months to go; (ii) there will be no delay to the case; (iii) Sony has already investigated the invalidity of claim 4," each of which are prejudice arguments). For example, Trans Video claims that it has not delayed the case; rather, Sony has by seeking and getting the stay because of the reexamination. The problem with this argument is that it does nothing to explain why Trans Video did not assert claim 4 either at the outset of the case or why it waited four months after the claim construction order to move to amend.

As another example, Trans Video claims that it did not move to amend right after the claim construction order issued because, soon after the order was issued, the case was reassigned to this Court, and both it and Sony operated with the understanding that no trial schedule was in place. That no trial schedule was in place, however, did not obviate the need for Trans Video to prosecute the case. This case has never been without an assigned judge. Nothing prevented Sony from moving for summary judgment in July 2011. Likewise, nothing prevented Trans Video from advancing its case.

Finally, in its reply brief, Trans Video makes an argument that it did not delay because it notified Sony (on September 12, 2011) about the amendment prior to the date that the parties contemplated final infringement contentions would be due (on September 30, 2011). The Court could well deem this argument waived because Trans Video did not make this argument in its opening brief. In any event, on the merits, the argument is problematic. Based on the record, it appears that, on the day that Trans Video told Sony about the proposed amendment (*i.e.*, September 12, 2011), the parties had contemplated that final infringement contentions would already be due (*i.e.*, September 6, 2011). The joint CMC statement the parties filed back on June 21, 2011, stated that final contentions would be due on September 6, 2011. *See* Docket No. 122 (statement). It was not until September 16, 2011, that the parties filed a joint CMC statement, stating that final contentions would be pushed back to September 30, 2011. *See* Docket No. 132 (statement).

The Court acknowledges that it is possible that the parties started talking about a new date for final contentions *before* September 12. But even if, before September 12, the parties started

United States District Court
For the Northern District of California

1  talking about pushing the date back to September 30, this was long after the claim construction order

2  of May 18.

3  C.  Prejudice and/or Bad Faith

4  Trans Video contends that, notwithstanding any delay on its part, it should still be permitted

5  to amend because Sony would not be prejudiced by the amendment, particularly because Sony

6  would have adequate time to prepare a defense as trial is not scheduled until December of 2012.  In

7  its papers, Sony argued that it would be prejudiced because, in the absence of an amendment, this

8  case would be over because the Court granted its motion for summary judgment.  Sony also

9  contended that, if Trans Video had made claim 4 a part of this lawsuit earlier in the litigation, Sony

10  might have taken a different approach to claim construction than it did had claim 4 been involved.[1]

11  While there are problems with both of Sony's arguments on prejudice,[2] prejudice is not

12  dispositive.  This is because, as stated above, prejudice is not a requirement under Patent Local Rule

13  3-6.  Trans Video's failure to demonstrate diligence alone bars relief under Rule 3-6.  Moreover,

14  prejudice is not an absolute requirement under Rule 15.  As indicated above, undue delay combined

15  with bad faith is enough to justify a denial of a motion to amend.  Here, the Court agrees with Sony

16  that the motion to amend was taken in bad faith, more specifically, as a last-ditch attempt to avoid

17  the case being dismissed in its entirety.  *Cf. Schlacter-Jones v. General Tel.*, 936 F.2d 435, 443 (9th

18  Cir. 1991) (stating that "[a] motion for leave to amend is not a vehicle to circumvent summary

19  judgment"), *overruled in part on other grounds by Cramer v. Consolidated Freightways, Inc.*, 255

20  F.3d 683, 692 (9th Cir. 2001).

21  Trans Video made no attempt to seek an amendment in the immediate aftermath of the claim

22  construction order.  Trans Video's explanation for its delay, *i.e.*, the reassignment of the case from

---

[1] There are overlapping terms in claims 3 and 4.

[2] As to its first argument, Sony has not cited any authority to demonstrate that that is the kind of prejudice contemplated by courts for purposes of Rule 15 or Patent Local Rule 3-6. Generally, the issue is not whether the defendant would be required to engage in additional work in response to newly amended claims. The question is what incremental prejudice results from the *delay* in asserting those claims (*e.g.*, in ability to complete discovery because of approaching trial date). As for the second argument, while it is not without any force, Sony has not provided any specifics at the hearing as to what it would have done differently at claim construction had Trans Video included claim 4 prior to claim construction.

7

United States District Court

For the Northern District of California

1   Judge Patel to the undersigned, rings hollow because, even after claim construction and the

2   reassignment, it expressly reaffirmed to this Court on two separate occasions that claim 3 was the

3   only claim in the case – first, in a joint CMC statement and then in its opposition to the motion for

4   summary judgment.  It was only after briefing was completed on the summary judgment motion and

5   the hearing on the motion was a week and a half away – *i.e.*, when the proverbial writing was on the

6   wall – that Trans Video first expressed to Sony that it wanted to move to amend.  And Trans Video

7   filed this motion only after the Court stated its grave concerns about the viability of claim 3 in light

8   of the written description issue.

9         Finally, Trans Video's tactical decision to withhold claim 4 at the outset because its assertion

10   would be inconsistent with its construction argument as to claim 3 – in order to preserve Trans

11   Video's credibility – smacks of gaming the Court and opposing party.  The Court finds Trans

12   Video's tactical shifting of positions troubling and contrary to this Court's effort to eliminate, via its

13   Patent Local Rules, "shifting sands" litigation tactics.  *See Kilopass Tech., Inc. v. Sidense Corp.*, No.

14   C 10-02066 SI, 2011 U.S. Dist. LEXIS 126837, at *3-4 (N.D. Cal. Nov. 2, 2011) (stating that, "[i]n

15   contrast to the more liberal policy for amending pleadings, the philosophy behind amending claim

16   charts is decidedly conservative, and designed to prevent the shifting sands approach to claim

17   construction"; adding that "[t]he patent local rules were designed to require parties to crystallize

18   their theories of the case early in the litigation and to adhere to those theories once they have been

19   disclosed") (internal quotation marks omitted).

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

**III.   CONCLUSION**

In sum, the Court concludes that Trans Video has failed to act with the requisite diligence and that its belated motion to amend was made in bad faith, only as a last-ditch attempt to avoid the summary judgment.  Accordingly, the motion to amend, whether made pursuant to Rule 15 or Patent Local Rule 3-6, lacks merit and is accordingly denied.

Because the Court is denying the motion to amend, and has already granted Sony's motion for summary judgment, there are no claims remaining in the case, and, therefore, the Court orders the Clerk of the Court to enter judgment in favor of Sony and close the file in this case.

This order disposes of Docket No. 136.

IT IS SO ORDERED.

Dated:  November 16, 2011

_____
EDWARD M. CHEN
United States District Judge